UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FAMEFLYNET, INC. & BWP MEDIA USA
INC. d/b/a PACIFIC COAST NEWS,

    -against-

Case No.: 1:15-CV-08301-LTS

LOOKING FOR LARRY PRODUCTIONS
LLC d/b/a THE LOOKING4LARRY AGENCY,
LOOKING FOR LARRY, and L4L

    Defendants.
------------------------------------------------------------X

**AFFIDAVIT OF BORIS NIZON
IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST
LOOKING FOR LARRY PRODUCTIONS LLC**

STATE OF California )
                         ) SS:
COUNTY OF Ventura )

BORIS NIZON, being duly sworn, deposes and says:

    1. I am the President of the plaintiff, FameFlynet, Inc. ("FFN"), in the abovementioned action. As FFN's founder and president, I am personally familiar with and have knowledge of all facets of FFN's business, as I am integrally involved in FFN's day-to-day operations. It is in this capacity that I came to have personal knowledge of the facts set forth in this Affidavit, the circumstances of this action, the exhibits attached hereto, and of all the documents submitted and/or relied upon in support of FFN"s Motion for Default Judgment (Dkt. 17, *et seq.*).

    2. I make this Affidavit in support of FFN's and BWP Media USA Inc. d/b/a Pacific Coast News's (hereinafter collectively "Plaintiffs'") Motion for Default Judgment against the defendant, Looking for Larry Productions LLC d/b/a The Looking4Larry Agency, Looking for Larry, L4L ("Defendant"), arising from its unauthorized use of Plaintiffs' photographs on its website www.heymanhustle.com (the "Website").

## THE INFRINGEMENTS

10. The photographs that Defendant improperly posted to the Website are two (2) photographs of Melissa Riso walking on the beach in Malibu, California, which photographs are covered under United States Copyright Office ("USCO") registration number VA0001944898 (the "Photographs"), copies of which were annexed to the Complaint as Exhibit 1. (Dkt. 1 at Exhibit 1; Dkt. 17 at Exhibit 1, pages 9-16; *see also* Exhibit 3 hereto.)

11. The Photographs were registered with the USCO on March 2, 2015. The USCO registration number for the Photographs were listed in Exhibit 1 to the Complaint, (Dkt. 1 at Exhibit 1; Dkt. 17 at Exhibit 1, pages 9-16; *see also* Exhibit 3 hereto.)

12. FFN owns all copyright interests in and to the Photographs, including the right to sue for past, present, and future infringements of their copyrights.

13. FFN's Photographs were posted to and displayed on Defendant's Website illegally. The Uniform Resource Locators ("URLs")—i.e., the exact location of FFN's Photographs on Defendant's Website—were listed in Exhibit 1 to the Complaint. (Dkt. 1 at Exhibit 1; Dkt. 17 at Exhibit 1, pages 9-16; *see also* Exhibit 2 hereto.)

## THE EXHIBITS

14. I am familiar with the document attached as Exhibit 1 hereto. This document is a copy of the official Certificate for FFN's photographs at issue in this case. The original document was prepared by the USCO and is maintained in their custody and control. However, as mentioned above, FFN maintains and stores electronic copies of all Certificates for its photographs—including these particular Certificates for the Photographs at issue in this case—within the ordinary course of its business. It is a regular part of our business to keep and maintain electronic copies of the Certificates for all of our photographs on BWP's Cloud and/or server. These documents should be moved into evidence.

15. I am also familiar with the documents attached as Exhibit 2 hereto. These documents are digital screen grabs that my employees took, and that I have reviewed, of Defendant's Website at the following URL: http://www.heymanhustle.com/photos/melissa-riso-may-2013. These digital screen grabs depict the unlawful copying and appearance of FFN's Photographs on Defendant's Website and were created in the ordinary course of FNN's business and reviewed in the regular performance of my duties. The images portrayed in these screen grabs fairly and accurately represent Defendant's Website as I, and my employees, remember it, and thus, should be moved into evidence.

16. I am also familiar with the documents attached as Exhibit 3 hereto. These documents are copies of the Photographs at issue in this case, the copyrights of which are owned by FFN and which were submitted by FFN electronically to the USCO in connection with its application for registration. As mentioned above, FFN maintains and stores electronic copies of all its copyrighted photographs—including these particular Photographs at issue in this case—within the ordinary course of its business. It is a regular part of our business to keep and maintain electronic copies of all photographs on FFN's Cloud and/or server. Accordingly, these documents should be moved into evidence.

17. At no time did FFN grant Defendant a license to use the Photographs nor did it otherwise authorize Defendant's use of same.

18. As Defendant has failed to answer or otherwise respond to the Complaint, I respectfully request that the Court grant Plaintiffs' motion for default judgment against Defendant.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

## OVERVIEW

3. FFN is the legal and rightful owner of a multitude of images, which it licenses to online, television, and print publications. FFN has invested significant time and money in building its image portfolios. Our photographs are original creative works in which we own protectable copyright interests. They are also our primary assets, since our business is the licensing of the rights for our photographs to various media outlets.

4. As president of FFN, which is a relatively small corporation, I oversee absolutely all aspects of the company's operations. My job responsibilities include, without limitation: hiring employees for FFN; negotiating and/or approving assignment agreements with contributing photographers; employing and overseeing staff that create copyrighted works for FFN; obtaining copyright registrations for FFN; supervising the tracking of and subsequently verifying potentially infringing uses of FFN's photographs; maintaining FFN's business records; and employing and overseeing staff that market and license copyrighted works for FFN.

5. With respect to registering FFN's photographs for copyright protection, all actual registration documents must go through me to be filed. Specifically, FFN files the applications and deposits (i.e., digital photographs) on works that it wishes to register with the United States Copyright Office ("USCO") electronically. After registration of a copyright, the USCO physically mails the Certificate of Registration document (the "Certificate"). FFN maintains both hard copies and digital copies of the digital photographs and Certificates within the ordinary course of business. The hard copy of each Certificate is maintained at FFN's Office. The digital files of the Certificates and photographs are maintained on the Cloud and/or on FFN's server.

6. In the regular course of FFN's business, I am often confronted with suspected unlicensed uses of our photographs. In those instances, the suspected infringements are brought to my attention. I will then review the suspected infringing use, compare same with FFN's records, and check with our sales team to determine if the use was licensed or unlicensed. If the use is unlicensed, I will then create a digital capture (or "screen grab") of the webpage. If the use is unlicensed, I am the person who is responsible for referring the matter to counsel.

7. Because our photographs are our primary assets—and because today's technology allows for such quick and easy duplication and distribution—the infringement of our copyrighted works is crippling FFN's business. FFN's photographs are typically infringed upon almost immediately after their creation and in the prime height of their commercial value. As our photographs are infringed, their use becomes widespread and they are easily (albeit illegally) obtainable over the Internet. As a result of this phenomenon, the value of FFN's photographs decline exponentially. In fact, we have had clients back out of licensing deals for our photographs once infringements of same pervade the Internet. Not only do such infringements decrease the value of FFN's photographs, but the thought process becomes, if no one else has to pay money for use of the photographs why should we? As such, the widespread infringement of FFN's photographs is severely hurting FFN's business, and the photographers who are integral such business.

8. In the regular performance of my job functions, I am familiar with the business records maintained by FFN for the purpose of acquiring and licensing photographs. These records (which include, but are not limited to, digital photographs, applications, registration certificates, and sales invoices) are made at or near the time of the photograph's creation, registration and licensing, respectively.

9. It is the regular practice of BWP to maintain such records within its ordinary course of business.

Dated: 2.11.16 _____ (City, State) Ojai CA
_____, 2016

*signature*
Boris Nizon

*FameFlynet, Inc.*

Sworn to before me this \_\_\_\_\_ day
of _____, 2016

California Notarial
Loose Certificate
Attached

_____
Notary Public
2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

# Jurat

State of California
County of  Ventura           )

Subscribed and sworn to (or affirmed) before me on this __11TH__ day of __FEBRUARY__, 20__16__,
by __BORIS NIZON__,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ETHAN KOERTEN
COMM. # 2038768
VENTURA COUNTY
NOTARY PUBLIC-CALIFORNIA
MY COMMISSION EXPIRES
AUG. 25, 2017

_____
(Seal) Signature

================ OPTIONAL INFORMATION ================

The acknowledgment contained within this document is in accordance with California law. Any certificate of acknowledgment performed within the State of California shall use the preceding wording pursuant to Civil Code section 1189. An acknowledgment cannot be affixed to a document sent by mail or otherwise delivered to a notary public, including electronic means, whereby the signer did not personally appear before the notary public, even if the signer is known by the notary public. In addition, the correct notarial wording can only be signed and sealed by a notary public. The seal and signature cannot be affixed to a document without the correct notarial wording.

THE INFORMATION BELOW IS OPTIONAL. HOWEVER, IT MAY PROVE VALUABLE AND COULD PREVENT FRAUDULENT ATTACHMENT OF THIS FORM TO AN UNAUTHORIZED DOCUMENT.

CAPACITY CLAIMED BY THE SIGNER

☐ INDIVIDUAL
☐ CORPORATE OFFICER
☐ PARTNER (S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE
☐ OTHER _____

DESCRIPTION OF ATTACHED DOCUMENT

__AFFIDAVIT OF BORIS NIZON__
TITLE OR TYP OF DOCUMENT

__5__
NUMBER PAGES (INCLUDING ACKNOWLEDGMENT)

__2/11/2016__
DATE OF DOCUMENT

_____
OTHER